# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5348 | **DATE** | 8/3/2012 |
| **CASE TITLE** | Darnell Thomas-El (#2010-0628137) vs. Officer Spears, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to proceed *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of confinement is authorized to make deductions from his account in accordance with this order. The Clerk shall issues summonses for service of the complaint on Cook County Jail Officer Spears and Nurse Humphries. Cook County is dismissed as a Defendant. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

     Plaintiff, Darnell Thomas-El, a pre-trial detainee at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that on December 20, 2011, he told Correctional Officer Spears that he feared for his safety due to threats he overheard on his tier. Defendant Spears left the tier and did nothing in response to Plaintiff's request. Subsequently, Plaintiff was attacked by ten detainees and stabbed with homemade knives. Plaintiff alleges that he was sent to the health care dispensary and received insufficient treatment from Nurse Humphries for the injuries he sustained in the attack. Plaintiff also names Cook County as a Defendant, alleging a policy of depriving inmates the right to take action to protect themselves.

     Plaintiff's *in forma pauperis* application indicates that he cannot prepay the $350 filing fee. The court thus grants his IFP motion and assesses an initial partial filing fee of $18.66. The trust fund account officer at plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from plaintiff's account and pay it to the clerk of court. After payment of the initial partial filing fee, the trust fund officer is directed to collect monthly payments from plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly collected payments shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee, and Cook County Jail officers shall notify transferee authorities of any outstanding balance if he is transferred.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a colorable cause of action under the Civil Rights Act against Defendant Spears for deliberate indifference to a substantial risk of serious harm. *See, e.g., Rapier v. Harris*, 172 F.3d 999, 1002 (7th Cir. 1999), *relying on Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Plaintiff also states a cause of action against Defendant Humphries for deliberate indifference to a serious medical condition. *Davis v. Carter*, 452 F.3d 686, 696 (7th Cir. 2006).

| STATEMENT |
|---|

Plaintiff , however, states no allegations of an unconstitutional policy or custom to support a claim against the County. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978); *King v. Kramer,* 680 F.3d 1013, 1020 (7th Cir. 2012). Plaintiff's sole allegation against the County amounts to a legal conclusion, with no facts to support it. Further, the Seventh Circuit Court of Appeals has held that, "A single isolated incident of wrongdoing by a non-policymaker is generally insufficient to establish municipal acquiescence in unconstitutional conduct." *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326. (7th Cir. 1993). Consequently, Cook county is dismissed as a Defendant.

The Clerk shall issue summonses for service of the complaint on Defendants Correctional Officer Spears and Nurse Humphries (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.